## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILBERT MCCREITH,**

      **Plaintiff,**

**v.**                                                    **Civil Action No. 1:20cv33**
                                                         **(Judge Kleeh)**

**K. PEARCE, BOP Staff; MR. SHEARER,**
**BOP Staff; and J. PHIPPS, BOP Staff,**

      **Defendants.**

### REPORT AND RECOMMENDATION

On February 24, 2020, the *pro se* Plaintiff, an inmate incarcerated at USP Atwater in Atwater, California, initiated this case by filing a <u>Bivens</u>[1] civil rights complaint against the above-named Defendants. ECF No. 1. The Clerk of Court issued a Notice of Deficient Pleading, advising Plaintiff to either pay the full filing fee of $400.00 or file an application to proceed *in forma pauperis*, a Consent to Collection of Fees from Trust Account, and a copy of his Prisoner Trust Account Report ("PTAR") with its attached Ledger Sheets. ECF No. 2.

This case is before the undersigned for review, report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

### I. Plaintiff's Contentions

In the complaint, McKreith raises claims of excessive force and contends that the defendants used racial epithets made false statements made about him in violation of his Fourth and Eighth Amendment rights. More specifically, Plaintiff alleges that on June 16, 2016, at USP Hazelton, after being called a "nigger," he was placed in restraints for four days without

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

justification, in violation of BOP Policy Statement 5566.06. ECF No. 1-1. Plaintiff does not explain if or how he was injured by this, although he does allege unspecified "personal injury" for having been placed in restraints for 4 days. Id.

The Plaintiff does not clearly explain whether he exhausted his administrative remedies with regard to his claims.  Id. at 4 - 6. Instead, he asserts that he filed a tort claim, "tort against my body[,] the result was denied." Id. at 6. He specifically denies having ever filed any other lawsuit in state or federal court dealing with the same facts alleged in this case.[2] Id. at 5. He attaches a copy of a Standard Form 95, showing that he filed an administrative tort claim on February 20, 2017 seeking $5,000.00 in compensation [ECF No. 1-1]; a copy of an April 19, 2019 Administrative Tort Claim denial letter, assigning the claim number of TRT-MXR-2017-03120 to his claim and advising him he had six months from that date to file suit [ECF No. 1-2]; and a copy of a September 6, 2016 response to an Informal Resolution (BP-8). ECF No. 1-3.

As relief, he requests unspecified compensatory damages for the violations of his Eighth and Fourteenth Amendment rights and due process violations, and punitive damages in the amount of $50,000.00.  Id. at 9.

---

[2] However, on May 13, 2019, in this Court, Plaintiff filed what was ostensibly a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It was not on a form approved by this or any other court, and its opening statement described his claims as "combined petitions for common law writs of audita querela, prohibition, mandamus, advisory mandamus, for bail upon petitioner's own recognizance [without surety] and for any other extraordinary relief" the Court might award.  See N.D. W.Va. Case No. 1:19cv106, ECF No. 1 at 1.  Upon preliminary review, the case was determined to be an attempt to file not only a Bivens action, but also a Federal Tort Claim Act ("FTCA") complaint as well. The complaint asserted an Eighth Amendment excessive force claim, alleging that on June 16, 2016, while incarcerated at USP Hazelton, without justification and in violation of BOP policy and his due process rights, pursuant to the directive of one Lt. Shearer, he was placed in full restraints "after being called a nigger" by BOP staff K. Pearce. Petitioner alleges that he was left in full restraints for four days, until June 19, 2016; "false statements" were made about him; and that he filed an administrative tort claim over the issue (Claim No. TRT-MXR-2017-03120), which was denied on April 19, 2019. He sought damages in the amount of $5,000.00.

Plaintiff was advised to refile his claims on Court-approved Bivens and FTCA form complaints. He completed and returned the FTCA complaint but did not return the Bivens complaint.  After a Show Cause Order was issued for this deficiency, Plaintiff wrote to the District Judge, advising that he only wanted to file a FTCA complaint and not a Bivens. Subsequently, after Plaintiff filed an amended FTCA complaint, the Defendant was served and on January 30, 2020, filed a dispositive motion. A Roseboro Notice was issued, and on February 18, 2020, Plaintiff filed a response in opposition. That case is still pending.

## II. <u>Standard of Review</u>

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. <u>See</u> <u>Neitzke</u> at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

## III. <u>Analysis</u>

### A. <u>Exhaustion of Administrative Remedies</u>

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). A <u>Bivens</u> action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. <u>Porter v. Nussle</u>, 534

---

[3] <u>Id.</u> at 327.

U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[4] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, at 524  (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the  PLRA's exhaustion requirement serves three main purposes: (1) to  "eliminate unwarranted federal court interference with the administration of prisons;" (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 101-102.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he

---

[4] Id.

has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; <u>Gibbs v. Bureau of Prison Office</u>, 986 F.Supp. 941, 943 (D. Md. 1997).

In <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See <u>Anderson v. XYZ Prison Health Services</u>, 407 F.3d 674, 681-82 (4th Cir. 2005).

Finally, where exhaustion is not apparent from an inmate's pleading, "a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." <u>Custis v. Davis</u>, 2017 U.S. App. LEXIS 5147 (4th Cir. 2017)(quoting <u>Moore v. Bennette</u>, 517 F.3d 717, 725 (4th Cir. 2008).

Plaintiff's complaint does not adequately explain whether he administratively exhausted his remedies regarding his <u>Bivens</u> claims in this matter. In the section in his Court-approved <u>Bivens</u> complaint that asks whether he filed grievances at each level, for Level One, he merely wrote "Federal Tort Claim" and then left blank the next two lines for explaining whether he filed grievances at Level Two and Three. ECF No. 1 at 5.  In purported proof of exhaustion, he attached a copy of his February 20, 2017 Standard Form 95, showing that he filed an administrative tort claim with the BOP on that date.[5] ECF No. 1-1.  He also attached a copy of his April 19, 2019 Administrative Tort Claim denial letter. ECF No. 1-2. Finally, he attached a copy of a response to an Informal Resolution BP-8, which is dated September 6, 2016. ECF No. 1-3. Further, the

---

[5] The Standard Form 95 is a prerequisite for filing an FTCA complaint; it has nothing to do with administratively exhausting <u>Bivens</u> claims.

plaintiff's responses impliedly indicate that he believes he exhausted his <u>Bivens</u> claims by filing an administrative tort claim. <u>See</u> ECF No. 1 at 6.

  Accordingly, it appears that the plaintiff's claims may be unexhausted; if so, they are subject to dismissal. <u>See</u> <u>Woodford</u>, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, for the reasons discussed below, Plaintiff's claims are due to be dismissed with prejudice even if they are exhausted.

## B. <u>Statute of Limitations</u>

  For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." <u>Wilson v. Garcia</u>, 471 U.S. 261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions. Because <u>Bivens</u> is the federal equivalent to an action under § 1983, federal courts have consistently extended the state general personal injury statute of limitations to <u>Bivens</u> cases, as well as § 1983 claims. <u>See</u>, *e.g.* <u>Chin v. Bowen</u>, 833 F.2d 21, 23-24 (2nd Cir. 1987). In fact, the Fourth Circuit Court of Appeals has determined that West Virginia's two-year personal injury statute of limitations contained at W.Va. Code § 55-2-12(b) is appropriately applied in <u>Bivens</u> actions. <u>See Reinhold v. Evers</u>, 187 F.3d 348, 359, n. 10 (4th Cir. 1999).

W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

  In this case, the plaintiff's claims against the defendants are well outside the two-year applicable statute of limitations. The complaint clearly states that the plaintiff is seeking damages for events that occurred between June 16 – 19, 2016.  It is clear that Plaintiff was aware of his

claim at least by June 19, 2016. Moreover, it is apparent that he filed a BP-8 seeking informal resolution at some time shortly before September 6, 2016, the date of the response to that BP-8 indicates. See ECF No. 1-3.

The undersigned is cognizant that while a Bivens plaintiff pursues his administrative remedies, as he is obligated to do by the PLRA, the otherwise applicable statute of limitations is tolled. Young v. Thompson, No. 2:10cv66, 2011 WL 3297494 (N.D. W.Va. July 29, 2011) (citing Johnson v. Lappin, 2011 WL: 560459 (S.D.W. Va. Jan. 6, 2011)); see Lopez v. S.C.D.C., No. 3:06251-PMD-JRM, 2007 WL 2021875 *2 (D.S.C. 2007) ("The Fourth Circuit has not addressed the issue of whether the statute of limitations for a § 1983 action should be equitably tolled while a prisoner is exhausting the administrative process. However the 'uniform holdings of the circuits that have considered the question' typically tolls the statute of limitations.") *citing* Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005)).

Here, it is apparent that the Plaintiff at least filed a BP-8 over his instant claims, because he attaches a copy of a September 6, 2016 response to it. Twenty-Eight C.F.R. § 542.10, *et seq*. requires that a prisoner who achieves no satisfaction informally must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. Therefore, Plaintiff was required to have filed a BP-9 by July 9, 2016. If he were unsatisfied with the warden's response, he was required to appeal to the BOP's Regional Director (BP-10) within 20 days of it, or by July 29, 2016. Finally, if he received no satisfaction from the Regional Director, he was required to appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response; therefore, at most, likely by August 29, 2016. Accordingly, assuming Plaintiff continued exhausting his grievances at each level, he should have completed the exhaustion process at or around August 29, 2016, and he would then have had

until August 29, 2018 to timely file a complaint regarding the June 19, 2016 incident. However, he did not sign his instant complaint until February 18, 2020, more than two years after exhaustion would have been completed. Accordingly, the plaintiff's claims against the defendants[6] are time-barred.

The undersigned recognizes that the statute of limitations is an affirmative defense, which means that the defendant generally bears the burden of affirmatively pleading its existence. See Fed.R.Civ.P 8(c); Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)("the raising of the statute of limitations ...constitutes an affirmative defense.") Moreover, where a defendant has failed to raise a statute of limitations defense by way of its answer, the defense is usually waived. See Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1664 (4th Cir. 1985). Because the statute of limitations is a waivable defense, its restrictions are not jurisdictional in nature, and in an ordinary civil case, "the district court should [refrain] from raising and considering the statute of limitations defense *sua sponte*." Eriline Company S.A. v. James P. Johnson, 440 F.3d 648, 657 (4th Cir. 2006).

However, the Fourth Circuit has also recognized that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, see also Nasim v. Warden, Md. House of Corrections, 64 F.3d 951, 953-54 (4th Cir. 1995). In Nasim, the Court concluded that in evaluating a complaint filed *in forma pauperis* pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the

---

[6] Because the undersigned has determined that the plaintiff's complaint is time-barred, a specific analysis of the plaintiff's claim against each defendant has not been undertaken, given that the same claims are already pending his FTCA, Case No. 1:19cv106.

existence of such defense. See 64 F.3d at 943 - 54. In reaching this conclusion, the Court observed that, in eliminating the requirement for paying costs, § 1915 removed "any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," and therefore presented the potential to overburden the judicial system with patently meritless lawsuits. Id.

Moreover, § 1915 requires a district court to screen initial filings and directs a district court to dismiss a complaint filed *in forma pauperis* "at any time if the court determined that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." § 1915(3)(2)(B)(I)-(ii). Accordingly, the Court explained that this screening authority distinguishes *in forma pauperis* suits and establishes a justification for an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*. Id. at 953 - 54. See also Castillo v. Grogan, 52 Fed. Appx. 750, 751 (6th Cir. 2002)(district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); Alston v. Tennessee Dept. of Corrections, 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002)("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.); Fraley v. Ohio Gallia County, 1988 WL 789385 * 1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); Hunterson v. Disbabato, 2007 WL 1771315 * 1 (3rd Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run); Pino v. Ryan, 49 F.3d 51, 53-54 (2nd Cir. 1995)(concluding that district court can raise statute of limitations defense *sua sponte* in evaluating complaint filed pursuant to § 1915); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001).

Therefore, even if the plaintiff had a <u>Bivens</u> cause of action, it is apparent on the face of the complaint that the statute of limitations for bringing these <u>Bivens</u> claims expired long before he filed this action. Therefore, the complaint should be dismissed on initial screening.

## IV. <u>Recommendation</u>

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint [ECF No. 1] be **DENIED and dismissed with prejudice as time-barred.**

The Plaintiff is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to United States District Judge Thomas S. Kleeh.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

This Report and Recommendation completes the referral from the district court.  The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: February 28, 2020

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE